# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MADONADO, SCOTT MALONEY, JUSTYNA MALONEY, and WILLIAM SULLIVAN,<br><br>     Plaintiffs,<br><br>  v.<br><br>BABEL STREET INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>     Defendants. | Civil Action No. _____<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

## D.N.J. LOCAL RULE 10.1 STATEMENT

The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, and William Sullivan. The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302. The remaining addresses are unknown to defendant Babel Street, Inc. ("Babel"), which is filing this Notice of Removal. Babel is unable to locate the precise address of plaintiffs Jane Doe-1 or Jane Doe-2, whose identifies are unknown. And Babel is unable to locate the precise addresses of the remaining individual plaintiffs who allege in their Complaint that they are law enforcement officers who have availed themselves of New Jersey laws to conceal their addresses. Plaintiffs are represented by Rahu Agarwal, Esq. and Sofia Syed, Esq. of Friedman, Kaplan, Seiler, Adelman & Robbins LLP, 1 Gateway Center, Newark, NJ, 07102-5311; Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Pem Law LLP, 1 Boland Drive, Suite 101, West Orange, New Jersey 07052; and John A. Yanchunis, Esq. and Ryan J. McGee, Esq. of Morgan & Morgan, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602.

The defendant in this action is Babel Street, Inc., 1900 Reston Metro Plaza #950, Reston, VA 20190. Babel is represented by David A. Luttinger, Jr., Esq. and Jordan Joachim, Esq. of Covington & Burling LLP, 620 Eighth Avenue, New York, NY 10018-1405, Kathryn E. Cahoy, Esq. of Covington & Burling LLP, 3000 El

Camino Real, 5 Palo Alto Square, 10th Floor Palo Alto, CA 94306-2112, and

Marianne Spencer, Esq. of Covington & Burling LLP, One CityCenter, 850 Tenth

Street, NW, Washington, DC 20001-4956.

PLEASE TAKE NOTICE that Defendant Babel Street, Inc. hereby removes to this Court *Atlas Data Privacy Corp. et al. v. Babel Street, Inc.*, Dkt. No. ESX-L-007260-24, currently pending before the Superior Court of the State of New Jersey, Essex County pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.    BACKGROUND

1.     In 2020, the New Jersey legislature passed Daniel's Law, N.J.S.A. 56:8-166.1, with the laudable goal of preventing the online publication of the home address and phone number of certain state officials and employees, who the statute identifies as "Covered Persons."

2.     The statute requires that when a Covered Person (or an "Authorized Person" on their behalf) sends a "written notice" requesting that a "person, business or association" "cease" the "disclosure" of his home phone number or address, within ten business days of the request, the recipient must "not disclose or re-disclose on the Internet or otherwise make available" the information. *Id.* § 56:8-166.1(a)(1)-(2).  Failure to do so subjects the request recipient to "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation" of the statute.  *Id.* § 56:8-166.1(c)(1).

3.     On July 20, 2023, after extensive lobbying from a firm representing a Plaintiff in this case—Atlas Data Privacy Corp. ("Atlas")—Daniel's Law was amended to allow Covered Persons to assign their claims to third parties, including

attorneys. *See Atlas Data Privacy Corp v. Lightbox Parent, L.P.*, No. 1:24-04105-HB, Dkt. No. 1-3 at 5 (D.N.J.) ("*Lightbox Parent*").

4.     After the amendment, Atlas quickly began acquiring assignment rights to Daniel's Law claims by encouraging New Jersey state employees to sign up for its services. Atlas' terms of service—which users must agree to when they sign up online—contain a clause in which users agree to assign their rights to bring a Daniel's Law claim to Atlas. *See Lightbox Parent,* No. 24-4105, Dkt. No. 18-3 at 5 at 60-61. The assignment provision establishes a contingency fee style arrangement in which the Covered Person receives 65% of any recovery, while Atlas collects 35% of the proceeds. *Id.*

5.     Over the past year, Atlas has filed more than 150 lawsuits asserting violations of Daniel's Law based on companies' alleged failure to stop the disclosure of information in response to bulk email requests sent by Atlas. Most of those lawsuits were filed in early 2024 in New Jersey state court, then removed to this Court pursuant to 28 U.S.C. § 1332(a) and 1332(d). These lawsuits were assigned to the Honorable Harvey Bartle III of the Eastern District of Pennsylvania. *E.g.,* *Lightbox Parent,* No. 1:24-cv-04105-HB (D.N.J.); *Atlas Data Privacy Corp. v. Valassis Digital Corp.*, No. 1:24-cv-04770-HB (D.N.J.); *Atlas Data Privacy Corp. v. Thomson Reuters Corp.*, No. 1:24-cv-04269-HB (D.N.J).

6.    On or about October 18, 2024, Atlas, and Plaintiffs Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, and William Sullivan (the "Individual Plaintiffs"), filed this lawsuit against Babel in the Superior Court of the State of New Jersey, Essex County, which is within the jurisdiction and venue of the United States District Court for the District of New Jersey. The Superior Court assigned the case number Dkt. No. ESX-L-007260-24. A true and correct copy of the Complaint and Summons is attached hereto as **Exhibit 1**. A true and correct copy of Plaintiffs' motion for *pro hac vice* admission is attached hereto as **Exhibit 2**. A true and correct copy of the Track Assignment Case filed in the case is attached hereto as **Exhibit 3**. A true and correct copy of the Proof of Service, certifying the Complaint was served on Babel on October 22, 2024, is attached hereto as **Exhibit 4**. A true and correct copy of the court's order granting Plaintiffs' motions for pro hac vice admission is attached hereto as **Exhibit 5.**

7.    This lawsuit relates to the more than 100 other Daniel's Law cases brought by Atlas that are currently pending before this Court, and Babel respectfully requests that pursuant to Local Rule 40.1, this case also be assigned to Judge Bartle.[1]

---

[1] If the Court were to consider a remand, Babel respectfully requests that the Court issue an order giving the parties the opportunity to present briefing and argument in support of its position that this action is subject to removal. *See Dart Cherokee Basis Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). Babel also requests that the Court either order discovery of Atlas related to the purported assignment of claims

## II.    BASIS FOR REMOVAL

8.    There are two independent bases for removing the *Atlas* litigation to this Court. *First*, this case is subject to traditional diversity jurisdiction because there is complete diversity between Babel (resident of Virginia and Delaware) and the Individual Plaintiffs (all apparent New Jersey residents). *See* 28 U.S.C. § 1332(a). Atlas' citizenship (including its incorporation in Delaware) should be disregarded for diversity purposes because its assignors—*not* Atlas—are the true party in interest, and its partial assignments constitute an improper attempt to defeat federal subject matter jurisdiction.

9.    *Second*, this Court has subject matter jurisdiction over the case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Plaintiffs' attempt to combine almost 20,000 individual Daniel's Law claims into a single action is a "mass action" or "class action" in substance and is thus subject to CAFA. Because all other CAFA jurisdictional requirements are met, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

---

or order Atlas to produce to Babel any discovery previously served in the related Daniel's Law cases pending before Judge Bartle.

**A.    This Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332(a).**

10.    Removal is proper under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Babel and the properly joined plaintiffs, the amount in controversy exceeds $75,000, exclusive of interest and costs, and all other requirements for removal have been satisfied.

**1.    There Is Complete Diversity Between the Individual Plaintiffs and Babel.**

11.    The Individual Plaintiffs and Babel are "citizens of different states." 28 U.S.C. § 1332(a).

12.    Although the complaint is silent as to the citizenship of the Individual Plaintiffs, it alleges that each Plaintiff is a current or former New Jersey law enforcement officers and are alleged to be living or "working" in New Jersey. Compl. ¶¶ 18-25.

13.    Plaintiff Maldonado is alleged to be a member of the Plainfield, New Jersey Police Department.  *Id.* ¶ 20.

14.    Plaintiffs S. Maloney and J. Maloney are alleged to be police officers "currently serving with the Rahway, New Jersey Police Department."  *Id.*  ¶ 21.

15.    Plaintiff Sullivan is alleged to be a "19-year veteran of the New Jersey Department of Corrections" and "the President of New Jersey PBA Local 105." *Id.* ¶ 25.

16.    Plaintiff Jane Doe-1 is alleged to be a "veteran police officer from Northern New Jersey." *Id.* ¶ 18.

17.    Plaintiff Jane Doe-2 is alleged to be a "veteran correctional police officer who lives in Northern New Jersey." *Id.* ¶ 19.

18.    Under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40A:14-122.8.

19.    Based on these allegations, each of the Individual Plaintiffs is a citizen of New Jersey.

20.    Babel is not a citizen of New Jersey.  For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Babel is headquartered in Virginia and incorporated in Delaware, not New Jersey.  Compl. ¶ 41.

21.    The Court need not consider the citizenship of Defendants "Richard Roes 1-10 and ABC Companies 1-10," *id.* ¶ 42, because "there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal 'the citizenship of defendants sued under fictitious names shall

be disregarded.'" *Brooks v. Purcell*, 57 F. App'x 47, 50 (3d Cir. 2002) (quoting 28 U.S.C. § 1441(a)).

22.    Accordingly, for purposes of diversity jurisdiction, there is complete diversity between the Individual Plaintiffs and Babel.

### 2.    Atlas Is Not a True Party in Interest in This Litigation.

23.    The citizenship of Plaintiff Atlas should be disregarded because its assignors—the New Jersey current and former public employees who retain majority interests in the litigation—are the "true party in interest," and its partial assignments are an improper attempt to defeat subject matter jurisdiction. *Att'ys Tr. v. Videotape Computer Prod., Inc.*, 93 F.3d 593, 593 (9th Cir. 1996).

24.    "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."  28 U.S.C. § 1359.  In *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 825–27 (1969), the Supreme Court held that assignments, even ones permissible under state law, can be disregarded for diversity purposes where "improperly or collusively" made for purposes of manipulating diversity jurisdiction. The Supreme Court has since stated that the "diversity jurisdiction statute [requires] courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction." *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014).

25.    When determining whether a party has been "improperly or collusively" joined by assignment, the "objective fact of who really is the party in interest is the most important thing to be determined." *Att'ys Tr.*, 93 F.3d at 596.

26.    "[C]ourts have set out a number of factors which are to be considered in deciding whether an assignment is improper or collusive," including "were there good business reasons for the assignment; did the assignee have a prior interest in the item or was the assignment timed to coincide with commencement of litigation; was any consideration given by the assignee; [and] was the assignment partial or complete." *Att'ys Tr.*, 93 F.3d at 595–96.

27.    In *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990), the Fifth Circuit affirmed that an assignment was improper and could not be used to determine citizenship for diversity purposes where "the interest assigned to [assignee] was comparatively small; before the assignment, [assignee] had no interest in the litigation; both the [assignee] and [assignor] were represented by the same attorney, with the [assignee] controlling the litigation; the assignment occurred shortly before the suit was filed; the assignment to [assignee] represented what is essentially a contingent fee arrangement for collection work, which could have been effectuated without an assignment; and there was a strong likelihood of prejudice against the defendant." *Id.* at 186.

10

28.     In *Att'ys Tr.*, the Ninth Circuit similarly affirmed that "jurisdiction was not destroyed" where the "case ha[d] almost all of the classic elements of an assignment which does not affect jurisdiction:  [the assignee] had no prior interest in the claim, and the assignment was timed to coincide with the commencement of litigation; the assignee gave no consideration other than its own collection work for a contingent fee, which could have been effectuated without an assignment; because 88% was to go to [the assignor], the assignment was partial, and, ultimately, the same counsel represented both [the assignor] and [assignee]."  93 F.3d at 599.

29.     Just as in *Grassi* and *Att'ys Tr.*, the factual circumstances around the Atlas assignments establish that Atlas is not a true party in interest and its citizenship should be disregarded for purposes for subject matter jurisdiction for at least three reasons.[2]

30.     *First*, the assignments Atlas allegedly received from the assignors are not "complete" and "absolute," but are instead partial because the assignors continue to retain a *majority interest* in the subject matter of a litigation.  *Kramer*, 394 U.S. at 828, n.9.  Section 4(e)(ii) of the Atlas assignment agreement explicitly states that

---

[2] Babel does not have access to the confidential remand discovery exchanged by the parties in the other Daniel's Law cases before the date of this Notice of Removal. *See, e.g.*, *Lightbox Parent*, No. 24-4105, Dkt. No. 43 (ordering jurisdictional discovery).  Babel reserves all rights to conduct discovery into whether Atlas is the real party in interest and identify further evidence that Atlas' citizenship should be disregarded for diversity jurisdiction.

the assignors retain a 65% interest in any judgment or recovery obtained. *Lightbox Parent*, No. 24-4105, Dkt. No. 1-3 at 5. The partial nature of the assignments alone is strong evidence that Atlas is not the "true real party in interest," and its citizenship should not be considered for diversity purposes. *Att'ys Tr.*, 93 F.3d at 597 ("[W]here an assignment is partial, the courts are very likely to find that there is an improper or collusive transfer because the prior owner still has an interest"). Courts routinely find that when an assignor retains an interest in the litigation, the assignee is not the true real party in interest." *See, e.g.*, *Sumner Contracting Co, Inc. v. Peabody Petersen Co.*, 546 F.2d 1227, 1228–29 (5th Cir. 1977) (assignment to plaintiff of 50% interest in net proceeds of recovery from litigation in return for no consideration did not make plaintiff's citizenship relevant to diversity jurisdiction).

31.    *Second*, Atlas is not a true party in interest because it is acting merely as a collection agent for the assignors in return for a contingency fee. The "right [of removal] would be an illusory one indeed if a plaintiff could defeat it by the simple expedient of assigning a fractional interest in the outcome of the suit to an agent performing what is essentially litigation support on a contingent fee basis." *Grassi*, 894 F.2d at 185. But that is exactly what happened here: assignors provided a fractional interest in the outcome of their claims to Atlas, which is supporting the litigation on a contingent fee basis. Courts hold that the assignor—and not the assignee—is the true party in interest under these circumstances. *See Att'ys Tr.*, 93

F.3d at 597 (courts question "is the assignment merely one for collection" when evaluating whether assignment is improper for jurisdiction purposes); *NPD Mgmt. & Bldg. Servs., Inc. v. Geismar N. Am., Inc.*, 2021 WL 5231870, at *5 (E.D. La. Nov. 10, 2021) (disregarding citizenship of assignee in diversity jurisdiction analysis where the assignment "represents what is essentially a contingent fee arrangement").

32.    *Third*, Atlas and its assignors are represented by combinations of the same firms.  Atlas' counsel testified before this Court that PEM Law LLP and Morgan & Morgan represented Atlas and the Individual Plaintiffs (who are sometimes assignors) in all the Daniel's Law cases filed as of the Court's June 6, 2024 hearing.  And these same law firms also represent thousands of the alleged assignors in a putative class action filed against LexisNexis in this Court on April 4, 2024.  *See John Doe-1, et al v. LexisNexis Risk Data Management, LLC*, et al; No. 1:24-cv-04566-HB (D.N.J.).  These law firms are two of the three firms representing Atlas in its lawsuit against Babel.  *See* Ex. 1 at 1.  Counsel's representation of Atlas, the Individual Plaintiffs, and the assignors is a "classic element[] of an assignment which does not affect jurisdiction."  *Att'ys Tr.*, 93 F.3d at 599 (jurisdiction not destroyed based on assignment where "same counsel represented both [assignor] and [assignee]").

### 3.    The Amount in Controversy Exceeds $75,000.

33.    Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 89.

34.    Babel takes no position as to which of the Complaint's allegations are admitted or denied at this stage, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiffs are entitled to any relief.   But based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

35.    The Complaint in this case seeks actual or liquidated damages of not less than $1,000 "per violation" of Daniel's Law and asserts that 19,695 Covered Persons "sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law," but Defendants continued to "disclose" their home address and/or home phone number.  Compl. ¶¶ 55-57; 68(b).  Based on these allegations,

the amount in controversy is at least $19,695,000, which is well above the $75,000 amount in controversy threshold under Section 1332(a).[3]

36.    While the actual or liquidated damages sought are sufficient to satisfy the amount in controversy requirement, the Complaint also seeks punitive damages. *Id*. ¶ 68(c)-(e).  These damages and fees are included in any amount-in-controversy analysis.  *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008).  There is thus a "plausible" basis to conclude that "the amount in controversy exceed[s] the jurisdictional threshold."  *Dart*, 574 U.S. at 89.

37.    Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a civil action within the meaning of Section 1332(a); the properly joined parties are citizens of different states as required by § 1332(a)(1); and the amount in controversy exceeds $75,000 as required by § 1332(a).

**B.    This Court Also Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332(d).**

38.    Even if the Court does consider Atlas's citizenship—which it should not do—the Court still has subject matter jurisdiction over the case because it satisfies minimal diversity under CAFA.

**1.    This Case Is a "Mass Action" Under CAFA.**

---

[3] The damages Atlas seeks are also well above the $5 million amount in controversy threshold established under CAFA.  *See infra* at ¶¶47-48.

39.     Congress passed CAFA to "relax" the requirements for federal jurisdiction. *Dart Cherokee*, 574 U.S. at 84. "CAFA's 'provisions should be read broadly, with a strong preference'" that qualifying cases "be heard in a federal court." *Id.* at 89.

40.     Under CAFA, federal jurisdiction is expanded to "mass action[s]," which "are any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 332(D)(11)(B)(i). As explained by the Third Circuit, "mass actions" under CAFA "are collective actions that utilize large-scale joinder or other consolidation mechanisms rather than class certification pursuant to Rule 23." *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 319 (3d Cir. 2022).

41.     This litigation qualifies as a mass action. Atlas purports to bring Daniel's Law claims on behalf of almost twenty thousand individuals who allegedly have claims against Babel for violations of Daniel's Law. Because Atlas is only a partial assignee of the claims asserted on behalf of the Covered Person, each of the 19,965 assignors retain an interest in the claims being asserted.

42.     Each of these assignors' claims as they are alleged involve "common questions of law or fact." 28 U.S.C. § 332(D)(11)(B)(i). For example, each of the assigned claims are subject to the same arguments predicated on the

unconstitutionality of the statute—arguments which are pending in state and federal courts. *E.g.*, *Lightbox Parent*, No. 24-04105 (D.N.J.), Dkt. Nos. 27, 48, 54. In addition, because each of the individual assignors allegedly submitted a Daniel's Law non-disclosure request through the exact same method—by overwhelming Babel with thousands of emails sent from the same @atlasmail.com e-mail domain on the same day—each assignor's claim faces the same common questions of the sufficiency of the non-disclosure request and the sufficiency of Babel's response (among other issues).

43.    Thus, because the Complaint purports to bring identical claims on behalf of 19,695 individuals, this action qualifies as a "mass action" under CAFA. Compl. ¶ 60(a).

### 2.    CAFA's Minimal Diversity Requirement Is Satisfied.

44.    This case also satisfies CAFA's minimal diversity requirement. The minimal diversity requirement is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Therefore, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

45.    All the Individual Plaintiffs are residents of New Jersey. *Supra* at ¶¶ 13-17.

46.    Defendant Babel is a resident of Delaware and Virginia.  *See supra* at ¶ 20.  Thus, at least one "member of a class of plaintiffs is a citizen of a State different from any defendant," and 28 U.S.C. § 1332(d)(2) is satisfied.

### 3.    CAFA'S Amount-in-Controversy Requirement Is Satisfied.

47.    CAFA's amount in controversy requirement is met as well.   To determine the amount-in-controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6). When calculating the amount in controversy under CAFA, the Court need only determine whether there is a "reasonable probability," based on the allegations in the operative Complaint, that the damages are over $5 million.  *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 508 (3d Cir. 2014).

48.    For the same reasons explained in Part II.A.3 above, the amount in controversy exceeds $5 million.  *Supra* at ¶¶ 33-37.

### 4.    This Case Is a "Class Action" Under CAFA.

49.    This case also satisfies CAFA's requirements for jurisdiction over a "class action" because (1) there is minimal diversity between the parties; (2) the aggregate amount-in controversy exceeds $5,000,000; (3) the putative class exceeds 100 members; and (4) the suit is a "class action" within the meaning of CAFA. *See Judon*, 773 F.3d at 500 (quoting 28 U.S.C. § 1332(d)(2), (5)(B), (6)).

50.    Although CAFA requires that the case be filed under a state law analogue of Rule 23 to be considered a "class action," the analogous state law need not be pled in the complaint to satisfy CAFA. That is because "a plaintiff could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply by omitting from the complaint the name of the rule or statute under which she proceeds." *Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017); *see also Badeaux v. Goodell*, 358 F. Supp. 3d 562, 567 (E.D. La. 2019) ("A lawsuit resembling a class action will not escape CAFA jurisdiction simply because it omits the words 'class action' or does not include the state rule or statute under which it proceeds as a class action.").

51.    Accordingly, "[i]f a complaint does not satisfy CAFA's jurisdictional requirements on its face, [courts] must cut through any pleading artifice to identify whether the case is in substance an interstate class action." *Erie Ins. Exch. v. Erie Indem. Co.*, 68 F.4th 815, 819 (3d Cir. 2023). Despite the façade of assignments, in reality Atlas is acting as the purported representative of a class of more than 19,000 unnamed Covered Persons, rendering this case a "class action" under CAFA.

### 5.    None of the CAFA Exceptions Apply.

52.    Although CAFA contains several exceptions to jurisdiction, none of these exceptions apply here. "The party seeking to invoke an exception bears the

burden of proving by a preponderance of the evidence that the exception applies."
*Vodenichar v. Halcon Energy Properties, Inc.*, 733 F.3d 497, 503 (3d Cir. 2013).

53.    Plaintiff will not be able to prove that CAFA's "local controversy" or
"home state" exceptions apply.  The local-controversy exception applies only when
the case involves at least one in-state defendant from whom "significant relief" is
sought.  28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa).  Similarly, the home-state exception
may apply where the requirements of 28 U.S.C. § 1332(d)(3) are met.  One of those
requirements is that the "primary defendants are citizens of the State in which the
action was originally filed." *Id.*  Here, Babel is not a New Jersey citizen. *See supra*
at ¶ 20.  The local-controversy and home-state exceptions thus do not apply.

**III.    BABEL SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

54.    Removal is timely under 28 U.S.C. § 1446(b) because Babel is filing
this notice of removal within 30 days after it was served with the Complaint. *See*
*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

55.    Venue is proper in the District of New Jersey under 28 U.S.C. § 1441(a)
because this Court is the United States District Court for the district embracing the
place where this lawsuit was pending.

56.    Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and
orders in *Atlas*, which include the Complaint and Summons, are attached hereto as
**Exhibits 1-5**.

57.     Defendants will promptly file the written notice required by 28 U.S.C.

§ 1446(d) to the Clerk of the Superior Court of the State of New Jersey, Essex

County and serve the notice on Plaintiffs.

58.     Babel hereby removes the above-titled action now pending against it in

the Superior Court of the State of New Jersey, Essex County to this Court.

Dated:  November 19, 2024

/s/ David A. Luttinger, Jr.

David A. Luttinger, Jr. (ID: 004092000)
dluttinger@cov.com
Jordan S. Joachim*
Email: jjoachim@cov.com
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: + 1 (212) 841-1000

Kathryn E. Cahoy*
Email: kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700

Marianne Spencer*
Email: mspencer@cov.com
COVINGTON & BURLING LLP
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: + 1 (202) 662-6000
*Pro Hac Vice Forthcoming

Attorneys for Defendant Babel Street, Inc.