# EXHIBIT 1

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
Jessica A. Merejo (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, and William Sullivan*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (365832024)
Sofia Syed (*pro hac vice* to be filed)
1 Gateway Center
Newark, NJ 07102-5311
Tel.: (973) 877-6400
ragarwal@fklaw.com
ssyed@fklaw.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
Ryan J. McGee (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and WILLIAM SULLIVAN,

Plaintiffs,

v.

BABEL STREET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, ESSEX COUNTY
DOCKET NO.: ESX-L-________-24

**CIVIL ACTION**

**COMPLAINT**

Plaintiffs Atlas Data Privacy Corporation ("Atlas"), as the assignee of individuals who are Covered Persons under Daniel's Law, along with Jane Doe-1 (a law enforcement officer), Jane

Doe-2 (a law enforcement officer), Edwin Maldonado, Scott Maloney, Justyna Maloney, and William Sullivan (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

**INTRODUCTION**

1. In these tumultuous times, it is critical that the most sensitive personal information of current and former public servants be protected from unwarranted disclosure. As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors—and their families—with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2. This complaint seeks to protect those important rights against companies brokering data and choosing profit and commercial gain over a critical public interest and the unequivocal mandate of the law. Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve (and have served) critical judicial and law enforcement roles.

3. The Legislature and Governor unanimously agree that the basic safety of those who serve—and their families—must be assured. Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of these public servants. Our judges, law enforcement officers, and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4. With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law. Consistent with the statutory scheme, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors. Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5. In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was murdered by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just 20 years old and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents. By the time his mother, a Judge, came to the door to check on what happened, the killer had fled. But her husband was critically wounded, and Daniel tragically died from the gunshot.

6. During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and he went to their home that day intending to kill her. Investigators eventually connected this attack with the same perpetrator's shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman. Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to the case that was pending before Daniel's mother.

7. Critically, the gunman was able to find the home addresses of his murder victims through the various people finder resources available on the Internet,[1] the same kind of data broker services at issue in this case.

**New Jersey Passes Daniel's Law in 2020**

8. In response to Daniel's murder, New Jersey swiftly enacted Daniel's Law in November 2020. P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1. Daniel's Law allows current and former public servants—including judges, law enforcement officers, and prosecutors—and their eligible family members (*i.e.*, "covered persons") to send written nondisclosure requests to data brokers. Once a 10-business day period following such a request has passed, the data broker is prohibited from disclosing or otherwise making available the name and home address or unpublished home telephone number of the covered person. Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of judges and prosecutors.

9. Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

10. Data brokers must cease disclosure of this protected information within 10 business days of receiving a written nondisclosure request from a covered person.

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

11. To facilitate the enforcement of Daniel's Law, the New Jersey Legislature expressly provided that an enforcement action could be brought by a covered person or by the covered person's assignee. N.J.S.A. 56:8-166.1(b).

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

12. Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law. The Chief Justice was quoted stating, "[t]he law requires every judge to swear an oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety . . . [a] judicial system cannot and should not live in fear."[2]

13. The federal bill, which had broad bipartisan support in both the House and Senate, protected the personally identifiable information of judges and their immediate family from disclosure by data brokers. It also allowed federal judges to redact their personal information displayed on federal government websites.

14. In December 2022, the U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

15. Despite these efforts, violence against judges, law enforcement officers, and prosecutors remains a continuing and serious threat. These public servants put their lives on the line every day, which is clearly exhibited by the numerous horrific stories of violence beyond the

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.

murder of Daniel Anderl. For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers while they were inside with their 10-day old infant. That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5] On the contrary, the officers were targeted specifically because they chose to go into public service and protect their community.

16. More recently, a disgruntled litigant hunted down and killed a Maryland Judge at his home, after an adverse child custody ruling.[6] This killing followed a similar tragedy in Wisconsin in 2022, where the perpetrator killed a retired Wisconsin Circuit Court Judge out of spite for his handling of a criminal case in 2005.[7]

17. These violent incidents demonstrate the risk to public servants and their families resulting from the open sale and dissemination of their most personal information, including their home addresses and/or unpublished home telephone numbers. These incidents also demonstrate the risk to the broader community should public officials be denied their statutory privacy rights. The risk that one might be violently targeted at their home may disincentivize individuals from pursuing a career in public service. This undermines the public interest—as the State and federal governments have recognized in passing Daniel's Law and its federal counterpart.

## THE PARTIES

### The Individual Plaintiffs

18. Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a

---

[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).

[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.

[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

decorated veteran police officer from Northern New Jersey. Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state. Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence. In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified. Officer Doe-1 lives in the home with her spouse and their young child. Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside. Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address. Having identified her home address, text messages confirmed that members of the criminal organization had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

19. Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children. Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate. The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder. This death threat was investigated and considered credible enough to result in a successful criminal prosecution. Part of Officer Doe-2's current duties include working in her correctional facility's law library, where inmates have access to the Internet including online data broker websites and services. Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member

of the jail's administrative staff. The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

20. Plaintiff Officer EDWIN MALDONADO joined the Plainfield, New Jersey police department as a patrol officer in 2000. After a few months on the job, he was assigned to street crimes, where he excelled at field work. In 2005, he became a Detective with Plainfield's major crimes unit and joined a Federal task force targeting the Mara Salvatrucha-13 (MS-13) gang in New Jersey. He worked with the task force for the next two years. During that time period, he received multiple credible death threats from MS-13 members. Detective Maldonado did not believe he would be able to safeguard his home address while living in Plainfield and relocated his family to a remote location from which he commuted to work. In 2009, because his relocation effort had been successful and MS-13 could not locate his new home address, gang members targeted Detective Maldonado's mother instead. They intended to burn down her building with her inside, but set fire to an adjacent building by mistake. Phone calls between MS-13 members discussing the premeditated murder of Detective Maldonado and his family, and the premeditated murder of Detective Maldonado's mother, were intercepted by jail wiretaps. Later in multiple criminal trials, evidence was entered into the record regarding these intercepted conversations and premeditated murders, contributing to numerous successful prosecutions.

21. Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department. They live together in New Jersey with their two young children. In April 2023, Officer Maloney responded to a routine call

of a suspicious individual outside the Motor Vehicle Commission in Rahway. The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers. A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved. In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed. Overall, the encounter was routine and ended uneventfully.

22. The resulting video footage was selectively edited and posted to YouTube and TikTok. Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video. Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer. Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

23. One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood." The unknown messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information. Sergeant Maloney refused to comply with any demands. He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating

the extortion demand. In the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

24. Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police. Responding officers arrested two men—who were armed—for unlawful possession of a firearm. Video surveillance captured by nearby houses showed the two men circling the Maloneys' house immediately prior to their arrest. Officer Maloney and her two young children were home at the time.

25. Plaintiff Officer WILLIAM SULLIVAN is a 19-year veteran of the New Jersey Department of Corrections. Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole. During the course of his law enforcement career, he has received numerous threats of violence directed at him and his family as a result of his public service. Inmates incarcerated within New Jersey's state prisons frequently attempt to discover the protected information of correctional officers working in their facilities. These attempts and the risks posed by such information being accessible on the Internet is a frequent topic of discussion and concern among correctional officers and their family members. Officer Sullivan has counseled many officers whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**<u>Plaintiff Atlas and its Assignors</u>**

26. Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

27. As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 19,695 individuals who are all "Covered Persons" under Daniel's Law (together, the "Covered Persons" and each a "Covered Person"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

28. Each Covered Person is an (a) active, formerly active, or retired judicial officer, law enforcement officer, or child protective investigator in the Division of Child Protection and Permanency, or prosecutor, as those terms are defined in N.J.S.A. 47:1A-1.1; or (b) immediate family member residing in the same household as such judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, or prosecutor. Thus, each individual meets the definition of "covered person" set forth in Daniel's Law, N.J.S.A. 56:8-166.1.

29. Each Covered Person resides, works, previously resided or worked in New Jersey, or is a family member residing at the same address as such as a person, and has a claim or claims against Defendants for failing to comply with Daniel's Law.

30. As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

31. Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required

under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

32. In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas, in writing, as permitted under the statute. Such assignments expressly and "irrevocably assign to Atlas or a designated affiliate of Atlas (the 'Assignee') the exclusive right to civil enforcement of all claims" under Daniel's Law.

33. Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other Covered Persons. Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, has been to increase the safety and well-being of their members and their members' families by helping those members understand and assert the rights provided to them by the law.

*[Remainder of page intentionally left blank]*

34. Upon signing up for Atlas, a Covered Person is asked a series of questions to collect required personal information and qualify his or her eligibility under Daniel's Law. Once eligibility is confirmed, the Covered Person is shown a page explaining how the Atlas platform works:




35. AtlasMail is an email service operated by Atlas. Upon signing up with Atlas, each Covered Person receives his or her own AtlasMail account, with a unique inbox address (*e.g.*,

john.doe23@atlasmail.com) for personal use. A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:




36. Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the Covered Person is then presented with a page on which he or she can review his or her home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to be served with notices. On this page the Covered Person can choose whether or not to send takedown notices. If the Covered Person chooses not to send takedown notices to the recommended list, they can select individual recipients

at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.




*[Remainder of page intentionally left blank]*

37. Any reply or response back from a data broker to the Covered Person is received and displayed in their AtlasMail inbox. AtlasMail is a fully-featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:




*[Remainder of page intentionally left blank]*

**Redaction/Nondisclosure Request Confirmation**

| | |
|---|---|
| **To** | john.doe23@atlasmail.com |
| **From** | privacy@exampledatabroker.com |
| **Date** | Fri, Jan 26, 2024 8:14 PM |

Dear John,

Thank you for your redaction/nondisclosure request pursuant New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act") and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended, "Chapter 226"). We are writing to confirm that Example Data Broker Inc. will honor your request as required by the Act and Chapter 226.

Sincerely,

Example Data Broker Inc.

Reply Forward

38. With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.

39. Because this lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight, Atlas has not included the Covered Persons' personal information in this public filing. However, Atlas will work with the Court and Defendants to implement an appropriate protective order and then provide Defendants with the written assignments and relevant information for each of the Covered Persons. Our courts have already approved this privacy-protecting approach.[8]

---

[8] For example, the Court recently held in another Daniel's Law action that allegations similar to those asserted here pleaded "sufficient facts to show that the assignors are covered persons under

40. In order to facilitate the provision of the Covered Persons' relevant information to Defendants pursuant to an appropriate protective order, Plaintiffs have provided Defendants a proposed Protective Order with service of this Complaint.

**Defendants**

41. Defendant BABEL STREET, INC. ("Babel Street") is a Delaware corporation that has a principal place of business at 1818 Library Street, Suite 500, Reston, Virginia, and transacts business within the State of New Jersey. Babel Street discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of Covered Persons.

42. Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

43. Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey. These websites include babelstreet.com.

44. In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number

---

Daniel's Law," and "in fact have standing," noting the anticipated production of Covered Persons' information pursuant to an appropriate protective order. *Atlas Data Privacy Corp., v. Attom Data Solutions, LLC, et al.*, Docket No.: MER-L-273-24 (Law Div., June 20, 2024) (denying motion to dismiss).

(including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons). The following is a redacted example of the detailed information provided by Defendants,[9] in violation of Daniel's Law:

[redacted] years old
Possible birth date between
[redacted]
Male

**Names**
[redacted]

**Usernames**
No Data Available

**Emails**
No Data Available

**Phones**
[redacted]
Valid Since [redacted]

**Languages**
en

**Ethnicities**
No Data Available

**Origin Countries**
No Data Available

**Places**
[redacted]
Valid Since [redacted]
[redacted]
Valid Since [redacted]

**Relationships**

[9] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.

45. Daniel's Law was passed to protect public servants and their families from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

**JURISDICTION AND VENUE**

46. This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

47. Venue is proper pursuant to R. 4:3-2, in that Essex County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business. In addition, many of the events giving rise to this action occurred in this County.

**FACTS COMMON TO ALL COUNTS**

48. As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

49. Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

50. Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

51. This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver,

transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

52. Daniel's Law was amended in 2023, as P.L. 2023, c. 113. The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

53. Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

54. As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[10]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.
>
> b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.
>
> c. The court shall award:
>
> > (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
> >
> > (2) punitive damages upon proof of willful or reckless disregard of the law;
> >
> > (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
> >
> > (4) any other preliminary and equitable relief as the court determines to be appropriate.
>
> d. For the purposes of this section:
>
> > . . . "Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include

[10] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

> making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

55. Starting on or about January 14, 2024, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

56. For example, a true and correct copy of the email directly from Plaintiff Sullivan (with personal information redacted) is pasted here:

Data Subject Request - Redaction/nondisclosure Request

**From** William Sullivan [redacted]
**To** privacy@babelstreet.com
**Date** Tue, Jan 23, 2024 4:15 PM UTC-0500

Babel Street
January 23, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: William Sullivan

Home Address: [redacted]

Sincerely,
William Sullivan

57. Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individual Plaintiffs and Covered Persons within the time period required by Daniel's Law. Thus, Defendants' disclosure or

redisclosure of protected information of the Individual Plaintiffs and Covered Persons following the statutory takedown period of ten (10) business days violates Daniel's Law.

58. Upon information and belief, even as of the date of this filing, Defendants still refuse to fully comply with Daniel's Law and protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and Covered Persons continues to be disclosed, re-disclosed or otherwise made available, despite Defendants' receipt of requests for nondisclosure more than ten business days ago.

59. All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs, who assert their claims directly in this action) have assigned in writing their claims against Defendants to Atlas. All of the assignments were completed in writing before the date of the filing of the initial Complaint.

60. Following the entry of a protective order filed in this Court, Plaintiffs will provide under a confidential designation a full and complete list of the following:

a. Names of each of the 19,695 assignors referenced in paragraph 27; and

b. The factual basis for the person to be considered a "Covered Person" as defined in N.J.S.A. 56:8-166.1(d), that is, a judicial officer, law enforcement officer, child protective investigator in the Division of Child Protection and Permanency, as those terms are identified in N.J.S.A. 47:1A-1.1 or prosecutor and any immediate family member residing in the household of individuals in these categories.

61. The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

**COUNT ONE**

**(Daniel's Law)**

62. The allegations of the Complaint set forth above are incorporated herein as if set forth at length.

63. The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

64. Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

65. Upon information and belief, even as of the date of this filing, Defendants still refuse to fully comply with Daniel's Law and protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and Covered Persons continues to be disclosed, re-disclosed or otherwise made available, despite Defendants' receipt of requests for nondisclosure more than ten business days ago.

66. Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitutes a separate violation under the law.

67. Defendants' continued disclosure in violation of Daniel's Law, despite having received notice as required under the statute, constitutes willful or reckless disregard of the law.

68. As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request that the Court enter all available and appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individual Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's Law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

Dated: October 18, 2024

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

By: */s/ Rahul Agarwal*
Rahul Agarwal (365832024)
Sofia Syed (*pro hac vice* to be filed)
1 Gateway Center
Newark, NJ 07102-5311
Tel.: (973) 877-6400
ragarwal@fklaw.com
ssyed@fklaw.com

**PEM LAW LLP**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
Jessica A. Merejo (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07052
Tel: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
Ryan J. McGee (*pro hac vice* to be filed)
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

*Counsel for Plaintiffs*

**DESIGNATION OF TRIAL COUNSEL**

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rahul Agarwal, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

Dated: October 18, 2024

By: */s/ Rahul Agarwal*
Rahul Agarwal, Esq.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

Dated: October 18, 2024

By: */s/ Rahul Agarwal*
Rahul Agarwal, Esq.

**CERTIFICATION PURSUANT TO RULE 1:38-7(b)**

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

Dated: October 18, 2024

By: */s/ Rahul Agarwal*
Rahul Agarwal, Esq.

**PEM Law LLP**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07502
Telephone: (973) 577-550
rparikh@pemlawfirm.com
keinhorn @pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (365832024)
Sofia Syed (*pro hac vice* to be filed)
1 Gateway Center
Newark, NJ 07102-5311
Tel.: (973) 877-6400
ragarwal@fklaw.com
ssyed@fklaw.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
Ryan J. McGee (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>BABEL STREET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, ESSEX COUNTY<br>DOCKET NO.:<br><br>**<u>CIVIL ACTION</u>**<br><br>**SUMMONS** |

**FROM THE STATE OF NEW JERSEY TO:**

To the Defendants Named Above:

The plaintiffs named above (and identified in the enclosed Complaint) have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the

complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal services Offices and Lawyer Referral services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

*/s/ Michelle M. Smith*
MICHELLE M. SMITH, ESQ.
Clerk of the Superior Court

Dated: October 18, 2024

Name and Address of Defendants to be Served:

Babel Street Inc.
1818 Library Street, Suite 500
Reston, Virginia 20190

New Jersey Courts
www.njcourts.gov
Independence • Integrity
Fairness • Quality Service

New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed, or attorney's signature is not affixed.

**For Use by Clerk's Office Only**

| Payment type | Charge/Check Number | Amount | Overpayment | Batch Number |
|---|---|---|---|---|
| ☐ check<br>☐ charge<br>☐ cash | | $ | $ | |

| | | |
|---|---|---|
| Attorney/Pro Se Name<br>Rahul Agarwal | Telephone Number<br>(973) 877-6400 ext. | County of Venue<br>Essex |
| Firm Name (if applicable)<br>Friedman Kaplan Seiler Adelman & Robbins | Docket Number (when available) | |

| | | | |
|---|---|---|---|
| Office Address - Street<br>One Gateway Center, 25th Floor | City<br>Newark | State<br>NJ | Zip<br>07102 |

| | |
|---|---|
| Document Type<br>Complaint | Jury Demand<br>☐ Yes ☐ No |
| Name of Party (e.g., John Doe, Plaintiff)<br>Atlas Data Privacy Corporation | Caption<br>ATLAS DATA PRIVACY CORPORATION V. BABEL STREET, INC. |

Case Type Number (See page 3 for listing) 999

| | | |
|---|---|---|
| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
| Does this case involve claims related to COVID-19? | ☐ Yes | ☒ No |
| Is this a professional malpractice case?<br>If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. | ☐ Yes | ☒ No |
| Related Cases Pending?<br>If "Yes," list docket numbers | ☐ Yes | ☒ No |
| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ☒ No |
| Name of defendant's primary insurance company (if known) | ☐ None | ☒ Unknown |

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ☐ Yes ☒ No

If "Yes," is that relationship:
☐ Employer/Employee ☐ Friend/Neighbor ☐ Familial ☐ Business
☐ Other (explain) ______________________________

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ☒ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

♿ Do you or your client need any disability accommodations? ☐ Yes ☒ No
If yes, please identify the requested accommodation:

Will an interpreter be needed? ☐ Yes ☒ No
If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: *_/s/ Rahul Agarwal, Esq._*

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES**

(Choose one and enter number of case type in appropriate space on page 1.)

## Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action)<br>Daniel's Law |

## Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

## Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

156 Environmental/Environmental Coverage Litigation
303 Mt. Laurel
508 Complex Commercial
513 Complex Construction
514 Insurance Fraud
620 False Claims Act
701 Actions in Lieu of Prerogative Writs

## Multicounty Litigation (Track IV)

282 Fosamax
291 Pelvic Mesh/Gynecare
292 Pelvic Mesh/Bard
293 DePuy ASR Hip Implant Litigation
296 Stryker Rejuvenate/ABG II Modular Hip Stem Components
300 Talc-Based Body Powders
601 Asbestos
624 Stryker LFIT CoCr V40 Femoral Heads
626 Abilify
627 Physiomesh Flexible Composite Mesh
628 Taxotere/Docetaxel
629 Zostavax
630 Proceed Mesh/Patch
631 Proton-Pump Inhibitors
633 Prolene Hernia System Mesh
634 Allergan Biocell Textured Breast Implants
635 Tasigna
636 Strattice Hernia Mesh
637 Singulair
638 Elmiron
639 Pinnacle Metal-on-Metal (MoM) Hip Implants

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action** ☐ **Title 59** ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-007260-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO VS BABEL STREET,
**Case Initiation Date:** 10/18/2024
**Attorney Name:** RAHUL AGARWAL
**Firm Name:** FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP
**Address:** ONE GATEWAY CTR 25TH FL
NEWARK NJ 071025311
**Phone:** 9738776400
**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY CORPORATION
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** OTHER Daniel's Law
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY CORPORATION? NO**

**Are sexual abuse claims alleged by: JANE DOE-1? NO**

**Are sexual abuse claims alleged by: JANE DOE-2? NO**

**Are sexual abuse claims alleged by: EDWIN MALDONADO? NO**

**Are sexual abuse claims alleged by: SCOTT MALONEY? NO**

**Are sexual abuse claims alleged by: JUSTYNA MALONEY? NO**

**Are sexual abuse claims alleged by: WILLIAM SULLIVAN? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/18/2024
Dated

/s/ RAHUL AGARWAL
Signed

FRIEDMAN
KAPLAN

**RAHUL AGARWAL**
ragarwal@fklaw.com
973.877.6400

October 21, 2024

Babel Street Inc.
1818 Library Street
Suite 500
Reston, Virginia 20190

**Re:** ***Atlas Data Privacy Corp., et al. v. Babel Street Inc., et al.,*** **Docket No.: ESX-L-007260-24 – Document Preservation Notice**

We represent Atlas Data Privacy Corporation and the Individual Plaintiffs ("Plaintiffs") identified in the enclosed complaint ("Complaint") and summons asserting claims under Daniel's Law, P.L. 2023, c. 113 (N.J.S.A. 56:8-166.1), against the named defendants ("the Defendants").

The purpose of this letter (the "Notice") is to remind Defendants of their present and ongoing obligations to preserve and retain all materials potentially relevant to any of the allegations made by Plaintiffs in the Complaint (the "Dispute").

This includes without limitation hard copies and electronically stored information ("ESI"), such as emails, text messages, messages on instant messaging platforms, and materials stored in or transferred via cloud storage.

This document preservation notice should be read broadly consistent with Defendants' obligations under Rule 4:18-1 and all other applicable rules governing preservation and discovery.

Pursuant to Defendants' preservation obligations, Defendants must immediately take steps to preserve all hard copy documents and ESI relevant to the Dispute, including without limitation:

(a) suspending Defendants' data destruction and backup tape recycling policies;

(b) suspending any overwriting or update processes related to any ESI unless a copy of each version is maintained;

(c) preserving relevant software, including legacy software (unless an exact copy or mirror image is made and stored) and hardware that is no longer in service but was in service during any part of the relevant time period (back to the

enactment of Daniel's Law), and CVS source or other version control repositories;

(a) retaining and preserving necessary information to access, review and reconstruct (if necessary) relevant electronic data, including identification codes and passwords, decryption applications, decompression software, reconstruction software, network access codes, manuals, and user instructions;

(b) retaining and preserving all ESI related to the Dispute on personal devices (including for example and without limitation computers, phones, and tablets used by Defendants' employees, contractors, and agents);

(c) retaining and preserving all Slack, WhatsApp, Viber, Signal, Telegram, and other instant messages and chats (including without limitation changing default settings on instant message programs to ensure those records are preserved);

(a) any other reasonable steps necessary to prevent the destruction, loss, override or modification of relevant data either intentionally or inadvertently, such as through implementation of Defendants' document retention policies

This list is not exhaustive, and Defendants have independent obligations to identify and preserve all relevant information. All ESI must be preserved intact and without modification.

The following is a non-exhaustive list of relevant information that should be preserved (with documents defined broadly to include without limitation all communications, including emails, text messages, and other communications):

- All documents concerning any of the allegations in the Complaint.
- All documents concerning Daniel's Law.
- All documents concerning Atlas.
- All documents concerning any of the Individual Plaintiffs.
- All documents concerning this litigation.
- All documents concerning any Daniel's Law Requests (as defined in N.J.S.A. 56:8-166.2).
- All documents concerning Defendants' receipt of any Daniel's Law Requests.
- All documents concerning Defendants' response to any Daniel's Law Requests.

- All documents concerning Defendants' analysis of any Daniel's Law Requests.

- All documents concerning the disclosure of any home address and/or unpublished home telephone numbers, including without limitation on the website(s) identified in the Complaint after the receipt of any Daniel's Law Requests.

- All documents concerning Defendants' compliance process in connection with any Daniel's Law Requests, including Defendants' failure to comply.

This preservation should include all data and records relevant to assessing Defendants' compliance with Daniel's Law following the receipt of any Daniel's Law Requests, including for example data and records demonstrating any Defendant (or other responsible entity or individual) disclosing or re-disclosing on the Internet (including without limitation with the identified website(s)) or otherwise making available the home address and/or unpublished home telephone numbers of any person who sent any Daniel's Law Request. Plaintiffs expect that Defendants will preserve data and records concerning each and every violation of Daniel's Law, both for purposes of calculating statutory damages and for purposes of evaluating injunctive relief.

This list is not exhaustive, and Defendants each must conduct an investigation and preserve all information potentially relevant to the Dispute, including all information from any individual who has documents potentially relevant to the Dispute.

Defendants must also take reasonable steps to preserve all hard copy documents and ESI relevant to the Dispute that are not in their possession but are in their custody or control. Documents and ESI in the possession of non-parties that is within Defendants' custody or control must also be preserved intact and without modification.

Preservation of ESI includes preservation not only of the electronic information itself (whether stored online, offline, in a cloud-based server or in other electronic storage, or on any computers, handheld devices, tablets, cell phones or other devices, whether or not in Defendants' possession), but also of relevant related data, including without limitation:

(a) active, archived and deleted copies of electronic information, such as e-mails, voicemails, text messages, instant messages (for example, Slack messages), calendars, diaries, word processing files, spreadsheets, PDFs, JPEGs, PowerPoint presentations, Google Drive files, Dropbox files, videoconferencing (e.g., Zoom) recordings and files, temporary internet files, cookies, and .ZIP files, among others;

(b) databases, including Dropbox, Box, Planbox, Visual Studio Team Services, Amazon RDS, Google Cloud, Microsoft Access or Azure, and SQL systems;

(c) metadata about the electronically stored information, including the date that it was created and last modified, and the individual(s) that created and

modified it.

This list is not exhaustive, and Defendants must preserve all information potentially relevant to the Dispute. Defendants' failure to preserve relevant ESI may constitute spoliation of evidence and subject Defendants to monetary and other sanctions. Plaintiffs reserve all rights in connection with any spoliation by Defendants. We trust that Defendants will preserve all relevant hard copy documents and ESI for the duration of the Dispute.

Please also maintain records of Defendants' efforts to comply with their preservation obligations. If a dispute arises out of Defendants' failure to preserve documents, Plaintiffs will rely on this letter as evidence of their request and reminder of Defendants' preservation obligations.

Thank you for your cooperation. If you have questions, please contact me.

Sincerely,

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

*s/ Rahul Agarwal*
Rahul Agarwal

Enclosure
cc: Rajiv D. Parikh, Esq. (rparikh@pemlawfirm.com)
Kathleen Barnett Einhorn, Esq. (keinhorn@pemlawfirm.com)
Jessica A. Merejo, Esq. (jmerejo@pemlawfirm.com)
John A. Yanchunis (jyanchunis@forthepeople.com)
Ryan J. McGee (rmcgee@forthepeople.com)

**PEM Law LLP**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07502
Telephone: (973) 577-550
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (365832024)
Sofia Syed (*pro hac vice* to be filed)
1 Gateway Center
Newark, NJ 07102-5311
Tel.: (973) 877-6400
ragarwal@fklaw.com
ssyed@fklaw.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
Ryan J. McGee (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al.,<br><br>Plaintiffs,<br>v.<br><br>BABEL STREET INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, ESSEX COUNTY<br>DOCKET NO.: ESX-L-007260-24<br><br>**CIVIL ACTION**<br><br>**PLAINTIFFS' FIRST REQUEST TO DEFENDANT FOR PRODUCTION OF DOCUMENTS** |

TO: Babel Street Inc.

PLEASE TAKE NOTICE that the undersigned, attorneys for plaintiffs, hereby demands that each Defendant produce and/or permit Plaintiffs or someone acting on Plaintiffs' behalf to inspect and copy the following designated documents at the offices of Friedman Kaplan Seiler Adelman & Robbins LLP, within the manner and within the time prescribed by the Rules of Court of the State of New Jersey.

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

*Attorneys for Plaintiffs*

By: *__/s/ Rahul Agarwal__*
Rahul Agarwal

DATED: October 21, 2024

## INSTRUCTIONS

A. If you assert a privilege or work-product immunity as a ground for non-production of any document requested, please produce all documents over which you are not asserting any such privilege or immunity, and in addition, set forth as to each document over which a privilege is claimed:

(1) the date of the document;

(2) the type of document (e.g., letter, memorandum, chart, etc.);

(3) the names and addresses of all authors and recipients of the document and the employer and business or legal title of each author or recipient;

(4) a detailed explanation of why the privilege or immunity is deemed applicable, including sufficient facts for the Court to make a full determination of whether your assertion is valid; and

(5) the present location of the document and the name and address of its custodian.

B. This Request for Production shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents between the time your responses are served and the time of trial.

C. In producing documents in compliance with this Request, produce all documents which are available to you, including documents in the custody, possession or control of your attorney or investigators for your attorney, and not merely such documents known to exist to your own personal knowledge. If you do not comply in full with the following Request for Production due to the non-existence of the documents(s) sought, so state in writing, specifying the reason for your inability to produce such documents(s).

D. In producing documents in compliance with this Request, collate and identify each document by the numbered Request(s) for Production to which each document is produced. If any particular document produced is responsive to more than one numbered Request for Production, identify each numbered Request to which said document is responsive.

**DEFINITIONS**

A. "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B. "Atlas" means Atlas Data Privacy Corporation ("Atlas") who is a Plaintiff and assignee of individuals who are covered persons under Daniel's Law as further alleged in the Complaint.

C. "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D. "Daniel's Law Request" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made available.

E. "Defendant" refers to each and every defendant identified in the Complaint and shall also include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of

any/all of them, or other persons acting on its respective or collective behalf.

F. "Describe," "set forth" and "state" all mean to state the substance of the event, circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody

or control of such individuals or entities who are known by Defendant to exist. Include also any catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant has or have had access.

H. "Identify," or "identification" mean, when used in reference to:

(1) a natural person, his or her:

(a) full name;

(b) present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

(c) present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

(d) present or last known occupation, position, business affiliation, and job description;

(e) occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

(2) a company, corporation, association, partnership or legal entity other than a natural person:

(a) its full name;

(b) a description of the type of organization or entity;

(c) the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

(d) the jurisdiction of incorporation or organization.

(3) a document:

(a) its description (for example, letter, memorandum, report);

(b) its title (e.g., letter, memorandum, telegram, chart, etc.)

(c) its date;

(d) the number of pages thereof;

(e) its subject;

(f) the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g) the identity of its addressee or recipient;

(h) the identity of each person to whom copies were sent and each person by whom copies were received;

(i) its present location; and

(j) the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

(4) a communication or statement:

(a) the date and time when it occurred;

(b) the place where it occurred;

(c) the complete substance of the communication;

(d) the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e) if by telephone: (1) the identity of each person: (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call was located;

(f) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

I. "Individual Plaintiffs" means the Plaintiffs identified in the Complaint other than Atlas and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

J. "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

K. "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

L. "You" and "Your" refers to each Defendant responding to these requests, with the term Defendant broadly defined above.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents concerning any of the allegations in the Complaint.

2. Any and all documents concerning Daniel's Law.

3. Any and all documents concerning Atlas.

4. Any and all documents concerning any of the Individual Plaintiffs.

5. Any and all documents concerning this litigation.

6. Any and all documents concerning any Daniel's Law Requests.

7. Any and all documents concerning Defendants' receipt of any Daniel's Law Requests.

8. Any and all documents concerning Defendants' response to any Daniel's Law Requests.

9. Any and all documents concerning Defendants' analysis of any Daniel's Law Requests.

10. Any and all communications and documents regarding communications with any of the Individual Plaintiffs, Atlas, or any other Covered Person.

11. Any and all documents concerning the disclosure of any home address and/or unpublished home telephone numbers, including without limitation on the website(s) identified in the Complaint after the receipt of any Daniel's Law Requests.

12. Any and all documents concerning Defendants' compliance process in connection with any Daniel's Law Requests, including Defendants' failure to comply.

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
*Attorneys for Plaintiffs*

By: *_/s/ Rahul Agarwal_*
Rahul Agarwal

DATED: October 21, 2024

**CERTIFICATION**

I hereby certify on behalf of ______________ that I have reviewed the document production requests and that I have made or caused to be made a good faith search for documents responsive to the requests. I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on ( ) my personal knowledge and/or ( ) information provided by others. I acknowledge my continuing obligation to make good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

______________________________

DATED:

**PEM Law LLP**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07502
Telephone: (973) 577-550
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (365832024)
Sofia Syed (*pro hac vice* to be filed)
1 Gateway Center
Newark, NJ 07102-5311
Tel.: (973) 877-6400
ragarwal@fklaw.com
ssyed@fklaw.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
Ryan J. McGee (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al.,<br><br>Plaintiffs,<br>v.<br><br>BABEL STREET INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, ESSEX COUNTY<br>DOCKET NO.: ESX-L-007260-24<br><br>**<u>CIVIL ACTION</u>**<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

TO: Babel Street Inc.

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiffs hereby request that Defendants answer the following Interrogatories within the manner and within the time prescribed by the Rules of this Court of the State of New Jersey.

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**

*Attorneys for Plaintiffs*

By: *__/s/ Rahul Agarwal______*
Rahul Agarwal

DATED: October 21, 2024

## INSTRUCTIONS

A. If any Interrogatory is not answered in full, state the precise reason for failing to complete the answer. If a legal objection is made with respect to any Interrogatory, you should set forth the specific reasons for such objection. If your response to all or part of any Interrogatory is incomplete or not known at the time your initial response is made, please (a) include an explicit statement to that effect in your response, designating that it is incomplete and providing the reasons or grounds for any omissions or refusals or inabilities to complete the response; (b) furnish the information that is known or available; and (c) respond to the Interrogatory by amended or supplemental response in writing under oath within 20 days of the date on which the supplemental information becomes known or available.

B. If you are withholding information requested by any Interrogatory or any portion of an Interrogatory upon a claim that it is privileged or subject to protection as trial preparation material, pursuant to R. 4:10-2(e), make the claim expressly in your written response, identifying the privilege or protection you are claiming, and provide sufficient information about the documents, communications, information, or other items not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable all parties to assess the applicability of the privilege or protection, including identifying the following information in a separate privilege log:

(1) the nature of the privilege or protection claimed;

(2) a statement of the basis for the claim of privilege or protection;

(3) whether, as to the information requested, (i) any document exists, and/or (ii) any oral communications took place;

(4) a description of the document, oral communication, or other

item/information, including:

(a) For documents: (i) the type of document, *e.g.*, letter or memorandum or e-mail; (ii) the general subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation; (iii) the date of the document; (iv) the author of the document, the addressees of the document, and any other recipients, including each person who was sent or shown blind or carbon copies of the such, or has had access to or custody of such, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (v) the number of pages, attachments, and appendices;

(b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication; and

(c) The present custodian of the document, oral communication, or other item/information.

C. In answering these interrogatories, furnish all information which is available to you, including non-privileged information in the possession of your attorneys, representatives, or investigators for your attorneys, and not merely such information known of your personal knowledge. If you cannot answer the following Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have

concerning the unanswered portions. This means:

(1) When answering the following Interrogatories, provide any and all information either in your possession, under your control, within your dominion, or available to you, regardless of whether this information is in your personal possession, or is possessed by your agents, servants, employees, independent contractors, representatives, or others with whom you have or had a relationship and are capable of deriving information, documents, or materials; and

(2) If you do not have personal knowledge of the information contained in any of your answered to the below Interrogatories, you should state that your answer is not verified by personal knowledge and identify the person(s) from whom the information was obtained or, if the source of the information is documentary, provide a full description of the documents, including the location thereof.

D. If any answers to these Interrogatories are made based on information that was not within your personal knowledge, provide the name and address of every person from whom you received such information.

E. Where an interrogatory calls for identification of any paper, you are to attach a copy of such paper to your answers to these Interrogatories in addition to providing a written response to the Interrogatory, pursuant to R. 4:17-4, and you are to provide an explicit reference to each Interrogatory to which each document(s) is responsive.

F. These Interrogatories are to be continuing until the date of trial and any information secured subsequent to the filing of your answers, which would have been included in the answers had it been known or available, is required to be supplied by filing further and supplemental answers.

G. Pursuant to R. 4:17-7, if you obtain information that renders your answers to these interrogatories incomplete or inaccurate, you must serve amended answers not later than twenty (20) days prior to the end of the discovery period.

H. The fact that another party produced information requested in any particular Interrogatory, or that the requested information or similar or identical information is available from another source, or that the requesting party already has knowledge of the matter on which it is seeking discovery, does not relieve Plaintiff of his obligation to produce his response to each Interrogatory herein.

**DEFINITIONS**

A. "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B. "Atlas" means Atlas Data Privacy Corporation ("Atlas") who is a Plaintiff and assignee of individuals who are covered persons under Daniel's Law as further alleged in the Complaint.

C. "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D. "Daniel's Law Requests" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made

available.

E. "Defendant" refers to any defendant Identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other persons acting on its respective or collective behalf.

F. "Describe," "set forth" and "state" all mean to state the substance of the event, circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any

way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist. Include also any catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant has or have had access.

H. "Identify," or "identification" mean, when used in reference to:

(1) a natural person, his or her:

(a) full name;

(b) present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

(c) present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

(d) present or last known occupation, position, business affiliation, and job description;

(e) occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

(2) a company, corporation, association, partnership or legal entity other than a natural person:

(a) its full name;

(b) a description of the type of organization or entity;

(c) the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

(d) the jurisdiction of incorporation or organization.

(3) a document:

(a) its description (for example, letter, memorandum, report);

(b) its title (e.g., letter, memorandum, telegram, chart, etc.)

(c) its date;

(d) the number of pages thereof;

(e) its subject;

(f) the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g) the identity of its addressee or recipient;

(h) the identity of each person to whom copies were sent and each person by whom copies were received;

(i) its present location; and

(j) the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

(4) a communication or statement:

(a) the date and time when it occurred;

(b) the place where it occurred;

(c) the complete substance of the communication;

(d) the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e) if by telephone: (1) the identity of each person: (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call was located;

(f) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

I. "Individual Plaintiffs" means the Plaintiffs identified in the Complaint other than Atlas and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

J. "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

K. "Persons" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

L. "You" and "Your" refers to each Defendant responding to these interrogatories, with the term Defendant broadly defined above.

**INTERROGATORIES**

1. Please provide detailed information regarding all persons (including all companies and individuals, with contact information) that since receiving any Daniel's Law Request have had any ownership, controlling interest, or agency over each of the websites listed in Plaintiffs' Complaint.

2. Please identify every source of home addresses and/or unpublished home telephone numbers that you own, have a controlling interest in, or otherwise have any agency over, including without limitation all such Internet websites (by name and URL) and any other way in which such information is made available.

3. Please describe in detail all ways in which you have obtained (and in the future obtain) and have disclosed or made available (and in the future disclose or make available) any home addresses or unpublished home telephone numbers, including without limitation by identifying all upstream and downstream sources and recipients of such data including, but not limited to any websites, URLs, databases, entities, and individuals.

**CERTIFICATION**

I hereby certify that the foregoing answers to answers to interrogatories are true. I am aware that if any of the following statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of any documents annexed hereto and provided herein are exact copies; that the existence of any other documents are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

______________________________

DATED:

**PEM Law LLP**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
Jessica A. Merejo, Esq. (288592020)
1 Boland Drive, Suite 101
West Orange, NJ 07502
Telephone: (973) 577-550
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (365832024)
Sofia Syed (*pro hac vice* to be filed)
1 Gateway Center
Newark, NJ 07102-5311
Tel.: (973) 877-6400
ragarwal@fklaw.com
ssyed@fklaw.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
Ryan J. McGee (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com
rmcgee@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br>Plaintiffs,<br>v.<br>BABEL STREET INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>ESSEX COUNTY<br><br>DOCKET NO. ESX-L-007260-24<br><br>**CIVIL ACTION**<br><br>**[PROPOSED] PROTECTIVE ORDER** |

This matter having been brought to the Court by all parties to this matter, as set forth above, through their respective attorneys of record, and the Court having found good cause for the entry of this Protective Order regarding certain documents that may be produced by and among the parties in the instant action (which proceedings are referred to herein as the "Litigation") and that relate to private or proprietary information or other kinds of confidential information (such information being referred to herein as "Protected Material") as follows:

1. This Protective Order shall apply to all documents in any form that may be produced by any party or non-party to the Litigation which contain Protected Material and are designated by a party or a producing non-party in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Litigation, including their corporate parents, shareholders, subsidiaries, partners, principals, members, successors, associates and affiliates, if applicable, and their respective counsel, agents, representatives, officers, employees, experts, non-party witnesses, assignors, assignees and others as set forth in this Protective Order.

2. Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under New Jersey Court Rule 4:10-3. Any party to this litigation or any third party covered by this Order, who produces or discloses any Protected Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Confidential").

3. Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, and where the designating party can demonstrate that a designation of "Confidential" as set forth in Paragraph 2 would not be sufficient. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

4. Any party to this litigation and any third-party shall have the right to designate as "PPI" or "Protected Personal Information" and subject to this Order any information, document or thing, or portion of any document or thing that contains specific personal information, including the name and addresses and/or telephone numbers, of those individuals who are considered "Covered Persons" pursuant to Daniel's Law (P.L. 2020, c. 125 codified in N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1) and/or any consumers. All parties that receive PPI in this litigation are prohibited from using or disclosing PPI for any purpose other than this litigation and shall either return to the producing entity or destroy the PPI (including all copies made) at the conclusion of this litigation, including all appeals. PPI produced and exchanged in this litigation shall be confidential and all filings containing PPI shall be filed under seal pursuant to R.1:38-11, 1:38-12, and N.J.S.A.. 2A:4A-62. Alternatively, a filing party may elect to redact all PPI and designate the

redacted PPI as Confidential. If the opposing party believes the redacted PPI information is necessary, then the parties will meet and confer, and if the issue cannot be resolved, the opposing party may raise the issue with the Court by motion. The filing party will retain the burden of establishing the propriety of the redactions. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any PPI material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL - PROTECTED PERSONAL INFORMATION" or "CONFIDENTIAL - PROTECTED PERSONAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" (hereinafter "PPI"). In advance of the pretrial hearing, counsel for the parties shall meet and confer in good faith regarding a procedure for the handling of PPI at trial and shall submit a joint statement to the Court outlining the agreed-upon procedure (or, where no agreement is reached, outlining the parties' respective positions) concurrently with their pretrial filings. To the extent not inconsistent with this Section 4, PPI will be subject to the remainder of the parties' Protective Order regarding the possession, handling and exchange of Protected Material. Notwithstanding the foregoing, this Protective Order shall only apply to the exchange and disclosure of PPI within and in connection with this litigation and nothing herein shall prevent any party from using or disclosing PPI received by said party outside of the litigation where such disclosure does not relate to the litigation. Use or disclosure of PPI in the ordinary course of a party's business or personal life shall not be deemed to relate to the litigation.

5. All Protected Material (hereinafter, including PPI) shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not

be disclosed by the receiving party to anyone other than those set forth in Paragraph 6, and subject to the terms of Paragraphs 7 and 8 herein, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material unless permissible under the terms hereof, or by prior written agreement of counsel for the parties or Order of the Court.

6. Protected Material designated as "Confidential" may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

7. Protected Material – designated as "Confidential," or PPI that is redacted – shall be used only by individuals permitted access to it under Paragraph 6. Protected Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. Protected Material – designated as "Attorneys' Eyes Only"– shall only be produced and disclosed to those individuals set forth in paragraph 6(a), (b), (c), (d), (e), or (f) above. Counsel to whom Protected Material designated as "Attorneys' Eyes Only" has been produced may produce or disclose such documents and copies thereof to any Expert Witnesses as set forth in paragraph 6(b) above, provided that counsel shall first secure from each such Expert Witness an Agreement to be Bound by Protective Order as provided in **Exhibit A**.

9. Protected Material – designated as "PPI" or "Protected Personal Information" and unredacted – shall only be produced and disclosed to those individuals set forth in paragraph 6(a), 6(c), or 6(d) above.

10. With respect to any depositions that involve a disclosure of Protected Material of a party to this action, such party shall have until seven (7) days after the deposition within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 6(a), (b), (c), (d) and (f) above and the deponent during these seven (7) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described

in Paragraph 6(a), (b), (c), (d) and (f) above during said seven (7) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5and 6.

11. The deposition of any witness (or segment thereof) which contains Protected Material designated "Attorneys' Eyes Only" shall be taken only in the presence of counsel for the Parties, expert witnesses, the Court and/or the stenographic reporter. In the event of an objection to such designation at deposition, the Parties may either continue the deposition as provided under this section while reserving all rights to challenge the designation or any one of them can request a conference call with the Court to resolve the issue prior to proceeding except that the party who designated the Protected Material Attorneys' Eyes Only may not delay the deposition if the opposing party agrees to continue with it subject to the terms of this paragraph.

12. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 10 days and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter within 10 days of the objection, before filing a formal motion

> for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. The designating party bears the burden of demonstrating the harm that would result if the subject designation is reduced or eliminated.

13. If counsel for either party desires to file with the Court materials that it designated as Confidential, counsel shall electronically file the Protected Material under the designation "Protected Material" and simultaneously file a motion to seal the Protected Material pursuant to Rule 1:38-11 or proposed Consent Order agreed upon by all parties regarding the sealing of Protected Materials. If counsel for either party desires to file with the Court materials that were designated as Confidential by another party or a nonparty, counsel shall file such materials with the Court under temporary seal, along with a request for a "temporary order to seal". Counsel shall also simultaneously provide notice to the designating party or nonparty, that Protected Materials have been filed with the Court under temporary seal. Any such notice shall describe with particularity the Protected Materials that have been filed with the Court. Within seven (7) days of the filing of the Protected Materials under temporary seal, the designating party or nonparty shall file with the Court a motion to seal the Protected Materials pursuant to Rule 1:38-11 or submit a proposed Consent Order agreed upon by all parties regarding the sealing of Protected Materials. If no timely motion to seal is filed, the confidentiality designation will be deemed to be void and the materials filed under temporary seal will be made available to the public. The filing of a request for a temporary seal shall not prejudice or waive the non-designating party's ability to oppose a motion to seal or otherwise contest the confidentiality designation.

14. If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes' Only information, it may do so only after giving notice to the producing party and as directed by the Court.

15. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

16. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 4:10-2(e)(2). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

17. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

18. This Protective Order shall survive the termination of this action and shall remain

in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Protected Material and to destroy, should such source so request, all copies of Protected Material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Protected Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order. To the extent a party requests the return of Protected Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

IT IS SO ORDERED.

Dated: ____________

______________________________________
HON.

**EXHIBIT A**

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION, ESSEX COUNTY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>BABEL STREET INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>Defendants. | DOCKET NO. ESX-L-007260-24<br><br>**CIVIL ACTION**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, ____, being duly sworn, state that:

1. My address is ________________________________________.

2. My present employer is ________________________ and the address of my present employment is ________________________________________.

3. My present occupation or job description is ________________________.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Protected Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

5. I will limit use of Protected Material disclosed to me solely for purpose of this action.

6. No later than the final conclusion of the case, I will return all Protected Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________ ______________________________________

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (N.J. Bar# 365832024)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BABEL STREET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-007260-24<br><br>Civil Action<br><br>**NOTICE OF MOTION FOR THE *PRO HAC VICE* ADMISSION OF SOFIA SYED** |

**PLEASE TAKE NOTICE** that on October 18, 2024 or as soon thereafter as counsel may be heard, the undersigned attorneys for Plaintiffs will make application to the Superior Court, Law Division, Essex County, for the admission *pro hac vice* of Sofia Syed, attorney-at-law, pursuant to R. 1:21-2. Annexed hereto in support of this Motion are the Certifications of Rahul Agarwal and Sofia Syed.

Dated: October 18, 2024
Newark, New Jersey

Respectfully submitted

*/s/ Rahul Agarwal*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (N.J. Bar# 365832024)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
Phone: (973) 877-6400

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (N.J. Bar# 365832024)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and WILLIAM SULLIVAN,<br>Plaintiffs,<br><br>v.<br><br>BABEL STREET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-007260-24<br><br>Civil Action<br><br>**CERTIFICATION OF RAHUL AGARWAL IN SUPPORT OF *PRO HAC VICE* ADMISSION OF SOFIA SYED** |

I, RAHUL AGARWAL, attorney-at-law, hereby certify and say:

1. I am a member in good standing of the bar of the State of New Jersey, and partner at Friedman Kaplan Seiler Adelman & Robbins LLP, which represents Plaintiffs in this matter. I submit this Certification in support of Plaintiffs for the admission *pro hac vice* of Sofia Syed, who is an attorney-at-law of the State of New York and a member of the law firm of Friedman Kaplan Seiler Adelman & Robbins LLP.

2. I will appear as partner of record in this action on behalf of Plaintiffs in this case. I will review and sign all pleadings, briefs and other papers filed with the Court. I will ensure

that Ms. Syed is aware of the Rules Governing the Courts of the State of New Jersey and that she abides by those rules.

3. I will appear at any and all court proceedings, and will comply in all respects with the Court's requirements, directives and orders.

4. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Dated: October 18, 2024
Newark, New Jersey

*/s/ Rahul Agarwal*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (N.J. Bar# 365832024)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
Phone: (973) 877-6400

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (N.J. Bar# 365832024)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BABEL STREET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-007260-24<br><br>Civil Action<br><br>**CERTIFICATION OF SOFIA SYED IN SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE*** |

I, SOFIA SYED, hereby certify and say:

1. I am an attorney-at-law licensed to practice in the State of New York and am a member in good standing of the bar of that state.

2. I am a member of Friedman Kaplan Seiler Adelman & Robbins LLP, which represents Plaintiffs in connection with this action. I work in the firm's New York office, which is located at 7 Times Square, New York, New York 10036. In connection with the firm's representation of Plaintiffs, I am working with Rahul Agarwal, partner at the firm and a member in good standing of the bar of the State of New Jersey, who will review and sign all pleadings,

briefs and other papers in this matter, and will ensure compliance with the Rules Governing the Courts of the State of New Jersey, including all disciplinary rules.

3. Plaintiffs have requested that I represent them in this action as I have been involved in advising Plaintiffs in connection with the subject matter of the action over the past several months.

4. I am not under suspension or disbarment from the bar of any court, and there are no disciplinary proceedings pending against me in any court.

5. If the Court sees fit to grant my admission *pro hac vice*, I agree to abide by the Rules Governing the Courts of the State of New Jersey, as well as all disciplinary rules. Additionally, I consent to the appointment of the Clerk of the Supreme Court of New Jersey as agent upon whom service of process may be made for all actions which may arise against me or my firm out of my participation in this matter.

6. I agree to notify the Court immediately of any matter affecting my standing at the bar of any other Court.

7. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Dated: October 18, 2024
New York, New York

Sofia Syed

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Sofia Syed
7 Times Square, 28th Floor
New York, NY 10036-6516
Phone: (212) 833-1170

*Attorneys for Plaintiffs*

**FRIEDMAN KAPLAN SEILER ADELMAN & ROBBINS LLP**
Rahul Agarwal (N.J. Bar# 365832024)
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BABEL STREET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-007260-24<br><br>Civil Action<br><br>**[PROPOSED] ORDER FOR *PRO HAC VICE* ADMISSION OF SOFIA SYED** |

**THIS MATTER** having been brought before the Court on the motion of Friedman Kaplan Seiler Adelman & Robbins LLP (Rahul Agarwal, appearing), attorneys for Plaintiffs in this matter, for an Order for the admission, *pro hac vice*, of Sofia Syed, and the Court having reviewed the Certification of Sofia Syed and the Certification of Rahul Agarwal, and good cause having been shown,

**IT IS** on this __ day of October, 2024,

**ORDERED** that Sofia Syed is hereby admitted *pro hac vice* in the above matter; and

**IT IS FURTHER ORDERED** that Sofia Syed shall abide by the Rules Governing the Courts of the State of New Jersey, including all disciplinary rules; and

**IT IS FURTHER ORDERED** that Sofia Syed appoint the Clerk of the Supreme Court of New Jersey as agent upon whom service of process may be made for all actions against either her or her firm that may arise out of her participation in this matter, and such appointment is hereby made; and

**IT IS FURTHER ORDERED** that Sofia Syed shall immediately notify the Court of any matter affecting her standing at the bar of any other Court; and

**IT IS FURTHER ORDERED** that all pleadings, briefs and other papers filed with the Court shall be signed by Rahul Agarwal, who shall be held responsible for Sofia Syed and for the conduct of the within cause.

**IT IS FURTHER ORDERED** that Sofia Syed must contribute to the Security Fund, pursuant to Rules 1:20-1(b) and 1:28-2 as required by all New Jersey attorneys.

______________________________
HON.